**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CB STRUCTURES SERVICES, INC.,**

     Plaintiff,

vs.                               **Case No.:**

**UNITED SPECIALTY INSURANCE COMPANY and STARR INDEMNITY & LIABILITY COMPANY,**

     Defendants.

_____/

## COMPLAINT FOR DECLARATORY RELIEF
## BY PLAINTIFF, CB STRUCTURES SERVICES, INC.

Plaintiff, CB STRUCTURES SERVICES, INC. ("CB"), sues Defendants, UNITED SPECIALTY INSURANCE COMPANY ("USIC") and STARR INDEMNITY & LIABILITY COMPANY ("Starr") (collectively "Defendants"), and alleges:

### THE PARTIES, JURISDICTION, AND VENUE

1. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201(a), concerning whether Defendants have a duty to defend and indemnify the insured, CB, in connection with allegations of defective work performed by one or more of CB's subcontractors and alleged resulting damage to other work caused by CB and/or its subcontractors on a construction project.

2. Venue and jurisdiction as to USIC are proper in this Court because, among other things, the insurance policy USIC issued to CB states that "[USIC], at the request of the insured, will submit to the jurisdiction of any court of competent jurisdiction located in the county where the Named Insured is located as set forth in the Declarations of this policy." CB is a Named Insured

listed in the Declarations of the policy. Venue is further proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

3.     Venue and jurisdiction as to Starr are proper in this Court because, among other things, Starr issued an insurance policy to CB, a named insured under the policy. CB is located in Boca Raton, Florida, which lies within the jurisdictional boundaries of this Court. Further, Starr is licensed to and does write insurance policies in Florida. Venue is further proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

4.     CB is a Florida corporation with its principal place of business in Boca Raton, Florida.

5.     USIC is a Texas corporation and is authorized to do business in the State of Florida. USIC writes contracts of insurance in Florida and is subject to the jurisdiction of this Court.

6.     Starr is a Texas corporation and is authorized to do business in the State of Florida. Starr writes contracts of insurance in Florida and is subject to the jurisdiction of this Court.

7.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) as this is an action between citizens of different states where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

**THE PROJECT AND THE CLAIMS**

8.     The Orchard at Portofino Vineyards, LLC ("Orchard"), is the owner and developer of an apartment complex in Lee County, Florida, known as The Orchard at Portofino Vineyards (the "Project"). In addition to apartments, the Project included a clubhouse, carports and other amenities.

2

9.      Prime Investors and Developers, LLC, d/b/a Prime Homebuilders ("Prime") served as the general contractor for the construction of the Project.

10.      On or about April 1, 2022, CB entered into a subcontract with Prime (the "Subcontract") to furnish and install a complete concrete shell and set the trusses for the Project's buildings and amenity structures. A true and correct copy of the Subcontract is attached as **Exhibit "A"** and incorporated herein by reference.

11.      Travelers Casualty and Surety Company of America ("Travelers") issued Payment and Performance Bonds No. 107724061 (the "Bonds") dated February 27, 2023, in the penal sum of $12,940,670.00. True and correct copies of the Bonds are attached as **Exhibit "B"** and incorporated herein by reference.

12.      Before it would issue the Bonds, Travelers required certain protections from CB, including an assignment of contract funds and claims on bonded projects, and CB executed various General Agreements of Indemnity (each, a "GAI"; collectively, the "GAIs") in favor of Travelers which include an assignment of contract funds and claims on bonded projects. True and correct copies of the GAIs are attached as **Exhibit "C"** " and incorporated herein by reference.

13.      Travelers also obtained an assignment of the Subcontract balances on the Project (the "Subcontract Funds") from CB. A true and correct copy of the Assignment is attached as **Exhibit "D"** " and incorporated herein by reference.

14.      Travelers further has a priority right to the Subcontract Funds pursuant to its rights of legal and equitable subrogation.

15.      On November 21, 2024, Orchard initiated an action against Travelers pursuant to Section 713.21, *Florida Statutes*. The action is pending in the Circuit Court of the Twentieth

3

Judicial Circuit in and for Lee County, Florida, *Orchard v. Travelers, et al.,* Case No. 24-CA-007637.

16.     On July 2, 2025, Prime sent CB and Travelers a "Demand for Indemnification and Payment of Damages" ("Prime's Demand") demanding that CB and Travelers defend, indemnify, and hold harmless Prime "from any and all damages Prime has suffered due to CB's work and the issues associated with same." Prime alleged, without limitation, that "CB did not perform its work in a . . . workmanlike manner, or in a manner free from defects" (the "Claims"). A true and correct copy of the letter is attached as **Exhibit "E"** and incorporated herein by reference.

17.     With Prime's Demand, it alleged that the value of such Claims was at least $9,047,327.16, which it seeks from CB." *Id.*

18.     On July 14, 2025, Prime filed a fourth-party complaint and third-party counterclaim against CB and Travelers alleging that it is entitled to damages related to defective work performed by one or more of CB's subcontractors and alleged resulting damage to other work caused by CB and/or its subcontractors.

19.     USIC issued a commercial general liability policy naming CB as insured for the policy period of 11/15/23 - 11/15/24. As stated above, Travelers issued a Performance Bond on the Project and is subrogated to CB's claims against USIC.

20.     Starr issued a commercial general liability policy named CB as insured for the policy period of 11/15/22 – 11/15/23. As stated above, Travelers issued a Performance Bond on the Project and is subrogated to CB's claims against Starr.

21.     On September 26, 2025, Travelers, on its behalf and on behalf of CB, gave USIC notice of Prime's Claims and made demand that USIC defend and indemnify Travelers and CB. A true and correct copy of this letter is attached as **Exhibit "F"** and incorporated herein by reference.

22. On March 18, 2026, Travelers, on its behalf and on behalf of CB, gave Starr notice of Prime's Claims and made demand that Starr defend and indemnify Travelers and CB. A true and correct copy of this letter is attached as **Exhibit "G"** and incorporated herein by reference.

**THE USIC POLICY**

23. USIC issued a Commercial General Liability Policy, number ATN2317719, naming CB as insured for the policy period of 11/15/23 - 11/15/24 (the "USIC Policy"). A true and correct copy of the USIC Policy is attached as **Exhibit "H"** and incorporated herein by reference.

24. The USIC Policy contains the following provisions:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

    **1. Insuring Agreement**

        a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.

    . . .

        b. This insurance applies to "bodily injury" and "property damage" only if:

        (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        (2) The "bodily injury" or "property damage" occurs during the policy period; and

        (3) Prior to the policy period, no insurer listed under Paragraph **1.** of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part.

* * *

5

**SECTION V – DEFINITIONS**

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
. . .

17. "Property damage" means:
   a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
   b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

\* \* \*

**THE STARR POLICY**

25.     Starr issued a Commercial General Liability Policy, number 1000025831221, naming CB as insured for the policy period of 11/15/22 - 11/15/23 (the "Starr Policy"). A true and correct copy of the Starr Policy is attached as **Exhibit "I"** and incorporated herein by reference.

26.     The Starr Policy contains the following provisions:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

   **1.     Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.
. . .
   b. This insurance applies to "bodily injury" and "property damage" only if:
      (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
      (2) The "bodily injury" or "property damage" occurs during the policy period; and
      (3) Prior to the policy period, no insurer listed under Paragraph **1.** of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had

6

occurred, in whole or in part.

\* \* \*

## SECTION V – DEFINITIONS

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
. . .

17. "Property damage" means:
    a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
    b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

\* \* \*

## REQUESTS FOR INDEMNITY AND DEFENSE

32.     On November 19, 2025, USIC, through its third-party administrator, responded, denied defense, indemnity, and coverage for CB and for Travelers. As its basis for the denial, USIC incorrectly alleged "[t]here is no coverage for Travelers or Current Builders for this matter based on the Condominium and Townhome exclusion on the USIC policy." A true and correct copy of USIC's letter is attached as **Exhibit "J"** and incorporated herein by reference.

33.     On March 18, 2026, Travelers renewed its notice and demand. A true and correct copy of this correspondence is attached as **Exhibit "K"** and incorporated herein by reference. Travelers advised USIC that Prime had moved to amend its third-party counterclaim and fourth-party complaint to raise new allegations ("Amended Pleadings"), including:

    a. the homes at issue are apartments rather than townhomes;

    b. claims that CB's subcontractors, for whom Prime alleges CB is responsible, performed defective/deficient work; and,

7

c. the breezeway at the Project was pitched improperly, resulting in water intrusion events and causing damage to other property.

34. On March 31, 2026, the Court granted Prime's motion to file the Amended Pleadings. Prime timely filed them on the same day. True and correct copies of the Amended Pleadings are attached as **Exhibit "L"** and incorporated herein by reference.

35. On April 15, 2026, Travelers again renewed its demand on USIC, attaching the Amended Pleadings and emphasizing that the Claims are covered by the USIC Policy because the Condominium and Townhome Exclusion does not apply to apartment complexes. A true and correct copy of this correspondence is attached as **Exhibit "M"** and incorporated herein by reference.

36. On April 21, 2026, CB sent USIC a letter renewing the prior notices and demanding that USIC defend and indemnify CB from the Claims. A true and correct copy of this letter is attached hereto as **Exhibit "N"** and incorporated herein by reference.

37. On April 22, 2026, Brett Richardt, Senior Claims Specialist for National Claim Services, the third-party administrator for USIC, reiterated USIC's coverage declination pursuant to the USIC Policy's Condominium and Townhome Exclusion. A true and correct copy of this correspondence is attached hereto as **Exhibit "O"** and incorporated herein by reference.

38. On May 26, 2026, Travelers' counsel responded to Mr. Richardt, explaining why the exclusion does not apply to the Claims. A true and correct copy of this correspondence is attached hereto as **Exhibit "P"** and incorporated herein by reference.

39. Prior to the filing of this Complaint, CB gave supplemental direct notice to Starr of Prime's Claims and made demand that Starr defend and indemnify CB. A true and correct copy of this demand is attached as **Exhibit "Q"** and incorporated herein by reference.

40. Starr has not responded to the demands for defense and indemnity made upon it, and has failed and refused to honor and materially breached its obligations to defend and indemnify CB under the Starr Policy.

### Count I - CLAIM FOR DECLARATORY RELIEF
(as to USIC)

41. CB realleges and incorporates paragraphs 1 through 40 as if fully set forth herein.

42. CB seeks a declaration that USIC, pursuant to the USIC Policy, must indemnify and defend CB with regard to the Claims.

43. Under the USIC Policy, USIC agreed to "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." Ex. H at 1 (of 16 pages).

44. USIC also agreed that it "will have the right and duty to defend the insured against any 'suit' seeking those damages." *Id.*

45. CB is a named insured under the USIC Policy. *Id.* at VEN 046 00 (1/15) (Named Insured Endorsement).

46. The Claims are for "property damage," which includes "[p]hysical injury to tangible property, including all resulting loss of use of that property. . . . [or] loss of use of tangible property that is not physically injured." *Id.* at 15.

47. Here, the Claims constitute alleged property damage resulting from one or more occurrences. For example, Prime alleges that "CB . . . performed defective work" that caused resulting damage to other property. Ex. E, ¶ 14. These allegations are "continuous or repeated exposure to substantially the same general harmful conditions," that result in either "physical injury to tangible property" or "loss of use of tangible property that is not physically injured." Ex. H at 14-15.

48.     Pursuant to the Subcontract between Prime and CB, CB is legally obligated to pay for the Claims and/or its defense against the Claims. Ex. A at 5.

49.     The USIC Policy does not contain any specific exclusion applicable to the Claims. The Condominium and Townhome Exclusion does not preclude coverage because it applies only to individually owned condos, townhomes, or tract houses. The Amended Pleadings make clear that the Project consists of "apartments," and the Subcontract makes clear the Project is an apartment complex. Ex. L at 8, ¶ 6; Ex. A at 153 (Exhibit "D" Insurance Requirement, "The Parties acknowledge that this Project is intended to function solely as apartments"). Also, the Project's website makes clear that it is an apartment complex. Prime Group, *The Orchard at Portofino Vineyards*, https://www.theorchardatportofinovineyards.com/ (last visited June 23, 2026). Screen shots are below:







50.     Simply put, the Project is comprised of apartments and other improvements owned by a single owner, Orchard, and the exclusion is inapplicable.

51.     Thus, the USIC Policy provides coverage for Prime's Claims against CB.

52.     A definite and concrete dispute and adverse interest exists between the parties concerning USIC's obligation to defend and indemnify CB against Prime's Claims.

53.      A bona fide, actual, present practical need exists for the declaration because CB asserts that USIC has a duty defend, indemnify, and reimburse it under the USIC Policy.

54.     The declaratory relief sought deals with present, ascertained or ascertainable facts, or a present justiciable controversy about those facts, insofar as CB faces substantial exposure to

damages and attorneys' fees as a result of Prime's Claims, while USIC refuses to perform its contractual obligations to defend and indemnify CB.

55.     This issue of whether coverage exists under the USIC Policy is dependent upon the Court's application of the facts to the law. If the Court does not remove the parties' doubt about their relative rights and positions, CB will remain exposed to Prime's Claims despite the USIC Policy obligating USIC to defend and indemnify, and reimburse, CB.

56.     CB and USIC are before the Court by proper process.

57.     Because of Prime's assertion that CB remains liable for extensive monetary damages allegedly resulting from CB's work on the Project, this request does not merely seek legal advice from the Court.

58.     Likewise, CB does not seek the declaration as a result of mere curiosity.

**WHEREFORE**, CB demands final declaratory judgment in its favor and against USIC declaring that (1) USIC is obligated defend and indemnify, and reimburse, CB in relation to Prime's Claims; (2) awarding CB its attorneys' fees and costs incurred in bringing this action pursuant to Section 86.121, *Florida Statutes*; and (3) for such further relief the Court deems appropriate.

### Count II - CLAIM FOR DECLARATORY RELIEF
(as to Starr)

59.     CB realleges and incorporates paragraphs 1 through 40 as if fully set forth herein.

60.     CB seeks a declaration that Starr, pursuant to the Starr Policy, must indemnify and defend CB with regard to the Claims.

61.     Under the Starr Policy, Starr agreed to "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." Ex. I at 1 (of 16 pages).

12

62.     Starr also agreed that it "will have the right and duty to defend the insured against any 'suit' seeking those damages." *Id.*

63.     CB is a named insured under the Starr Policy. *Id.* at OG 1 12 (03-12) (Extension Schedule of Named Insureds).

64.     The Claims are for "property damage," which includes "[p]hysical injury to tangible property, including all resulting loss of use of that property. . . . [or] loss of use of tangible property that is not physically injured." *Id.* at 15.

65.     Here, the Claims constitute property damage resulting from one or more occurrences. For example, Prime alleges that "CB . . . performed defective work" that caused resulting damage to other property. Ex. E, ¶ 14. These allegations are "continuous or repeated exposure to substantially the same general harmful conditions," that result in either "physical injury to tangible property" or "loss of use of tangible property that is not physically injured." Ex. I at 15 (of 16 pages).

66.     Pursuant to the Subcontract between Prime and CB, CB is legally obligated to pay for the Claims and/or its defense against the Claims. Ex. A at 5.

67.     The Starr Policy does not contain any specific exclusion applicable to the Claims. The Residential Construction Exclusion does not preclude coverage because it applies only to "residences," which "does not include any structures that functions solely as apartments." [Citation?] The Amended Pleadings make clear that the Project consists of "apartments," and the Subcontract makes clear the Project is an apartment complex. Ex. L at 8, ¶ 6; Ex. A at 153 (Exhibit "D" Insurance Requirement, "The Parties acknowledge that this Project is intended to function solely as apartments"). Also, the Project's website makes clear that it is an apartment complex. Simply put, the Project contains apartments, and the exclusion is inapplicable. Prime Group, *The*

*Orchard at Portofino Vineyards*, https://www.theorchardatportofinovineyards.com/ (last visited June 23, 2026).

68.     Thus, the Starr Policy provides coverage for Prime's Claims against CB.

69.     A definite and concrete dispute and adverse interest exists between the parties concerning Starr's obligation to defend and indemnify CB against Prime's Claims.

70.      A bona fide, actual, present practical need exists for the declaration because CB asserts that Starr has a duty to defend, indemnify, and reimburse it under the Starr Policy.

71.     The declaratory relief sought deals with present, ascertained or ascertainable facts, or a present justiciable controversy about those facts, insofar as CB faces substantial exposure to damages and attorneys' fees as a result of Prime's Claims, while Starr refuses to perform its contractual obligation to defend and indemnify CB.

72.     This issue of whether coverage exists under the Starr Policy is dependent upon the Court's application of the facts to the law. If the Court does not remove the parties' doubt about their relative rights and positions, CB will remain exposed to Prime's Claims despite the Starr Policy obligating Starr to defend and indemnify, and reimburse,  CB.

73.     CB and Starr are before the Court by proper process.

74.     Because of Prime's assertion that CB remains liable for extensive monetary damages allegedly resulting from CB's work on the Project, this request does not merely seek legal advice from the Court.

75.     Likewise, CB does not seek the declaration as a result of mere curiosity.

**WHEREFORE**, CB demands final declaratory judgment in its favor and against Starr declaring that (1) Starr is obligated defend and indemnify, and reimburse, CB in relation to Prime's

14

Claims; (2) awarding CB its attorneys' fees and costs incurred in bringing this action pursuant to

Section 86.121, *Florida Statutes*; and (3) for such further relief the Court deems appropriate.

Dated: June 30, 2026.

Respectfully submitted,

**GURLEY FANT, P.A.**

*/s/ Michael A. Fant*
Michael A. Fant (Fla. Bar No.: 0100713)
Email: mfant@gflaw.com
Alex L. Gurley (Fla. Bar No.: 0126321)
Email:  agurley@gflaw.com
Secondary Email: eservice@gflaw.com
Phone: (941)-365-4501
1800 Second Street, Suite 714
Sarasota, Florida 34236
*Counsel for Plaintiff, CB Structures Services, Inc.*